## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **EDWARD J. PIZZITOLA** | § | |
| *Plaintiff,* | § | **C.A. No. _____** |
| | § | |
| **v.** | § | |
| | § | **9(H) ADMIRALTY** |
| | § | |
| **OSG SHIP MANAGEMENT, INC.;** | § | |
| **OSG COURAGEOUS, LLC;** | § | |
| *in personam Defendants*; | § | |
| **T/V OSG COURAGEOUS** | § | |
| *in rem Defendant.* | § | |

### PLAINTIFF EDWARD J. PIZZITOLA'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE GREGG COSTA:**

**COMES NOW, EDWARD J. PIZZITOLA** ("Capt. Pizzitola" or "Plaintiff")

and files this original complaint against *in personam* defendants OSG SHIP

MANAGEMENT, INC; OSG COURAGEOUS, LLC, and against *in rem* defendant

T/V OSG COURAGEOUS and would respectfully show the court as follows:

### I.
### JURISDICTION & VENUE

This is an admiralty and maritime claim within the meaning of Article III,

Section 2 of the United States Constitution; 28 U.S.C. §§ 1331, 1333; and rule 9(h) of

the Federal Rules of Civil Procedure. The defendant *in rem* vessel OSG

COURAGEOUS is now, or will be during the pendency of process hereunder, within the jurisdiction of this Honorable Court.

Venue is proper in this district as Defendants have availed themselves of this district by directing its vessels to the ports of Galveston County, Texas, and the injuries to Plaintiff occurred while on board the T/V OSG COURAGEOUS while the vessel was in the port of Texas City, Texas, which is located in this judicial district.

## II.
## PARTIES

1.     Plaintiff Capt. Edward J. Pizzitola is an individual Citizen of the State of Texas who currently resides at 3020 Henkel, Santa Fe, Texas 77510.

2.     Defendant OSG SHIP MANAGEMENT, INC. is a foreign corporation which regularly engages in business in the state of Texas and does not maintain a regular place of business in Texas or maintain a designated agent for service of process, and therefore may be served with service of process through Texas Secretary of State to OSG SHIP MANAGEMENT, INC.'s head office located at Two Harbour Place, 302 Knights Run Ave. Suite 1200, Tampa, Florida 33602.

3.     Defendant OSG COURAGEOUS, LLC is a foreign corporation which regularly engages in business in the state of Texas and does not maintain a regular place of business in Texas or maintain a designated agent for service of process, and therefore may be served with service of process through Texas Secretary of State to OSG

COURAGEOUS, LLC's office located at Two Harbour Place, 302 Knights Run Ave. Suite 1200, Tampa, Florida 33602.

4.      *In rem* Defendant OSG COURAGEOUS (official number 1231405) may be found wherever she is afloat and may be served with process either by way of her owners, managers and agents, or by citation to the vessel upon entering this judicial district.

### III.
### BACKGROUND FACTS

**A.      Captain Edward J. Pizzitola -- Galveston-Texas City Pilot**

5.      Capt. Pizzitola is a Galveston Texas City Pilot and is licensed by the United States Coast Guard as a First Class Pilot and holds a commission from the State of Texas to conduct compulsory pilotage to the ports of Galveston County.  *See generally* TEX. TRANSP. CODE 67.001 *et seq*.

6.      Capt. Pizzitola has maintained his Texas pilotage commission for twenty-years. In order to serve as Texas state pilot, Capt. Pizzitola is also required to pass and maintain a United States Coast Guard first class pilot's license.  *See* TEX. TRANSP. CODE § 61.011(a).

7.      As part of Capt. Pizzitola's responsibilities as a Galveston-Texas City Pilot, he is responsible for protecting the natural resources of the state of Texas by providing navigational guidance to the captains of the vessels who call on the ports of Galveston

County, Texas.

      **B.    Towing Vessel OSG COURAGEOUS and the seagoing barge OSG 244**

8.     The OSG COURAGEOUS is a seagoing towing vessel which comprises an articulated tug/barge unit ("ATB") when the vessel is affixed or "in the notch" of the seagoing petroleum product barge OSG 244.

9.     On June 23, 2013, Capt. Pizzitola was dispatched to sail the ATB from Texas City Berth #38 to sea.

10.     Capt. Pizzitola arrived at the berth at approximately 3:30 a.m. and boarded the OSG 244 by the gangway.  There was no gangway watch to meet him upon his arrival.

11.     Capt. Pizzitola then made his way to the stern of the OSG 244 where he could climb down to the deck of the OSG COURAGEOUS and make his way to the wheelhouse where he would perform his pilotage duties.

12.     Capt. Pizzitola descended the stern of the OSG 244 by way of "pigeon holes" which conceal hand holds in the skin of the barge.  As he reached the bulwark of the OSG COURAGEOUS, he then stepped onto a boarding or accommodation platform which is in place to allow crewmembers or others access to the barge from the tug.

13.     As Capt. Pizzitola began to climb down from the accommodation platform onto the deck of the OSG COURAGEOUS, the accommodation platform suddenly pivoted up and launched Capt. Pizzitola backwards, where he lost his balance and fell on top of

a large winch on the deck of the OSG COURAGEOUS.

14.    Capt. Pizzitola's lower back struck the winch.  On the top of the winch was a cat's head which directly struck Capt. Pizzitola's sacral spine/coccyx.

15.    Following Capt. Pizzitola's fall, he lay alone on the deck of the OSG COURAGEOUS for many minutes in excruciating pain until he was finally able to regain his composure and make his way to the wheelhouse.

16.    Upon arriving at the wheelhouse, he informed the Captain of the OSG COURAGEOUS of his fall and injuries, and showed him the location on his lower back where he fell onto the winch's cat's head.

17.    Capt. Pizzitola was never offered any medical assistance during this time.  In spite of his excruciating pain, he safely piloted the ATB from Texas City #38 to the sea buoy where he disembarked onto a Galveston Texas-City pilot boat.

18.    Capt. Pizzitola immediately reported his injury to the presiding officer of the Galveston Texas City Pilots and was forced to stop working due to the chronic pain he experienced in his lower spine, which made it unbearable for him to endure pilot boat transits to ocean going vessels.

19.    Shortly after the injury, Capt. Pizzitola sought medical treatment and was ultimately diagnosed with traumatically induced stenosis in his lumbar spine at vertebrae space L5-S1.  Capt. Pizzitola underwent surgical intervention for the injury but it was not successful.  He has subsequently been diagnosed with additional injuries

to his sacral spine and coccyx which are still being treated, but are in all likelihood permanent in nature.

20.     Because of the extent of Capt. Pizzitola's injuries, he has been unable to perform his state commissioned duties as a pilot, and is presently physically incompetent to serve as a Galveston-Texas City Pilot.  This condition will in all likelihood continue.

21.     Capt. Pizzitola is seeking damages as a result of the negligence of OSG SHIP MANAGEMENT, LLC. and OSG COURAGEOUS, LLC.  He is also seeking monetary damages against the OSG COURAGEOUS *in rem* under the theories of general maritime negligence and unseaworthiness premised upon the *Sieracki* seaman doctrine.

## IV.
## CLAIMS:

### A.     Negligence:

22.     Capt. Pizzitola incorporates paragraphs 1-21 as if fully set forth herein.

23.     On June 23, 2013 OSG SHIP MANAGEMENT, INC. was responsible for posting a gangway watch to monitor all non-crew personnel who arrived and were aboard the vessel.

24.     OSG SHIP MANAGEMENT, INC., upon information and belief, had as part of its shipboard safety management plan and shipboard security plans, requirements that a crewmember be present on deck to ensure all non-crew personnel were at all times

escorted, and that all shipboard hazards could be identified for and communicated to any non-crew personnel, such as Capt. Pizzitola.

25.     By failing to provide a gangway watch, the OSG SHIP MANAGEMENT, INC. was negligent in its duties as a prudent ship operator, and failed to warn Capt. Pizzitola of the shipboard hazards, such as the unsecured accommodation platform.

26.     In addition, OSG SHIP MANAGEMENT, INC., as the operator of the OSG COURAGEOUS, knew or should have known that the unsecured accommodation ladder presented a fall hazard to non-crew personnel such as Capt. Pizzitola.

27.     OSG SHIP MANAGEMENT, INC. knew it was unsafe to permit the accommodation ladder to be unsecured while the vessel was in port as it was more likely to be used by individuals travelling from the tug to the barge, and from the barge to the tug.

28.     OSG SHIP MANAGEMENT, INC., by and through the crew members aboard the OSG COURAGEOUS, neglected to make fast the boarding accommodation to the deck of the vessel, or to warn him of its dangerous nature, and as a result, Capt. Pizzitola fell and was injured.

###     B.     Unseaworthiness-*Sieracki* Seaman:

29.     Capt. Pizzitola incorporates paragraphs 1-28 as if fully set forth herein.

30.     At the time of Capt. Pizzitola's injury, he was aboard the OSG COURAGEOUS to perform pilotage services and to conn the vessel from Texas City Berth #38 to the sea buoy.

31.     Pilotage is a traditional maritime activity that is critical to the safe navigation of ocean going ships and requires the localized knowledge of a duly licensed pilot to safely conn the vessel past the shoals, reefs and other submerged hazards in Galveston Bay and the Houston Ship Channel.

32.     Pilots, including Capt. Pizzitola, are not members of the crew of the vessel, but assist in the mission and safe navigation of the vessel.

33.     Due to the relationship of Capt. Pizzitola to the T/V OSG COURAGEOUS, the vessel (and its owners) owed to him the duty of a seaworthy ship under the doctrine of seaworthiness.  *See Seas Shipping Co., Inc. v. Sieracki*, 328 U.S. 85 (1946).

34.     The OSG COURAGEOUS was unseaworthy as that term is understood at law as the boarding accommodation was defectively designed, or engineered, creating an unsafe condition aboard the vessel.

        **C.     Causation:**

35.     Plaintiff would show that the above described incident was caused by the aforementioned negligence of the Defendants and/or the unseaworthiness of the OSG COURAGEOUS. The Defendants breached their legal duties and these breaches proximately caused damages and injuries to Plaintiff.

### D.    Damages:

36.    Capt. Pizzitola incorporates paragraphs 1-35 as if fully set forth herein.

37.    In the occurrence made the basis of this suit, Plaintiff Edward J. Pizzitola, sustained severe bodily injuries. Because of the nature and severity of the injuries sustained, Plaintiff has sustained physical pain and mental anguish in the past and in reasonable probability he will continue to suffer physical pain and mental anguish in the future. At the time of the occurrence made the basis of this suit, Plaintiff was a healthy able bodied working man, who was at the apex of his profession-a harbor pilot.

38.    Plaintiff has and will suffer physical impairment and disfigurement. Because of the occurrence in question, Plaintiff has sustained very painful and disabling physical injuries that have caused him to sustain a loss of earnings and wage earning capacity and household services in the past and this condition will exist into the future.

39.    Because of the nature and severity of the injuries he sustained, Capt. Pizzitola has required medical treatment in the past and in reasonable probability will require other and additional medical treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

40.    It is yet to early to ascertain the full extent of the damages sustained by Plaintiff but they are clearly within the jurisdictional limits of this Court.

41.    Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of his damages herein and your Plaintiff here and now sues specifically for recovery of pre-judgment and post-judgment interest as provided by law.

WHEREFORE, Edward J. Pizzitola, Plaintiff, prays that the Defendants be cited to appear and answer herein, that upon final trial and hearing hereof Plaintiff recover his damages in accordance with the evidence, that he recover costs of Court herein, that he recover interest to which he is entitled under law, and for such other and further relief, general and special, legal and equitable to which he may show himself justly entitled

Respectfully submitted,

THE CREW LAW FIRM, P.C.

/s/ Paxton N. Crew
Paxton N. Crew
SDTX 859147
TBA No. 24058720
2600 South Shore Blvd. Suite 300
Marina View Building
League City, Texas 77573
Telephone 281-245-3385
Facsimile 281-245-3386
Paxton@thecrewlawfirm.com
ATTORNEY-IN-CHARGE FOR
EDWARD J. PIZZITOLA

-10-